**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

LAURA FERRERA and YESICA
ACOSTA,

       Plaintiffs,

vs.                             Case No. 3:26-cv-1539-MMH-SJH

BRIAN JUAREZ and KNIGHT
TRANSPORTATION, INC.,

       Defendants.

_____/

<u>**ORDER**</u>

    **THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>. On June 11, 2026,

Defendants filed a Notice of Removal (Doc. 1; Notice), removing this action from

the Fourth Judicial Circuit in and for Duval County, Florida. <u>See</u> Notice at 1.

On June 16, 2026, the Court entered an Order (Doc. 10) striking Plaintiffs'

Complaint (Doc. 3) as an impermissible shotgun pleading. <u>See</u> Order at 3. In

doing so, the Court explained the relevant legal authority concerning shotgun

pleadings and specifically identified how the Complaint violated that authority.

<u>See generally</u> <u>id.</u> The Court directed Plaintiffs to file a corrected complaint

consistent with the directives of the Order and cautioned Plaintiffs that

"[f]ailure to do so may result in a dismissal of this action." <u>Id.</u> at 3.

On June 30, 2026, Plaintiffs filed their Corrected Complaint (Doc. 11). Upon review, the Court finds that the Corrected Complaint remains an impermissible shotgun pleading. Indeed, although Plaintiffs corrected the deficiency identified in the Order, Plaintiffs introduce a new pleading error in the Corrected Complaint. Specifically, Plaintiffs "commit[] the sin of not separating into a different count each cause of action or claim for relief." Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1322–23 (11th Cir. 2015); see, e.g., id. at 1323 n.13 (collecting cases). Indeed, Rule 10(b) of the Federal Rules of Civil Procedure (Rule(s)) requires that: "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . ." Rule 10(b); see also Anderson v. Dist. Bd. of Trs. Of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996) (explaining that a properly drawn complaint "will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading" (footnote omitted)).

In the Corrected Complaint, Plaintiffs combine multiple causes of action in Counts II and IV. See Corrected Complaint ¶¶ 12–16, 21–25. Indeed, in both counts, Plaintiffs allege claims for vicarious liability based on theories of respondeat superior and dangerous instrumentality. See id. ¶¶ 15, 24. But a claim for vicarious liability based on respondeat superior is distinct from a claim

for vicarious liability under a theory of dangerous instrumentality. See Johnson v. EZX, LLC, No. 3:16-CV-1249-J-PDB, 2017 WL 1386810, at \*5 (M.D. Fla. Apr. 18, 2017).[1] As such, each of these claims must be stated in a separately identifiable count. See Conaway v. Carnival Corp., No. 25-CV-24989, 2026 WL 850477, at \*3 (S.D. Fla. Mar. 27, 2026) ("Theories of vicarious liability should be separated when the theories assert liability of different employees or different theories of liability for the same actor."). Because it remains an impermissible shotgun pleading, the Court will strike the Corrected Complaint. The Court will allow Plaintiffs one final opportunity to file a proper complaint that complies with the pleading rules. Failure to file a proper corrected complaint will result in the dismissal of this action.

Accordingly, it is

**ORDERED**:

1. Plaintiffs' Corrected Complaint (Doc. 11) is **STRICKEN**.

2. Plaintiffs shall file a second corrected complaint consistent with the directives of this Order on or before **July 20, 2026**. Failure to do so may result in a dismissal of this action.

---

[1] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority.  See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

3. Defendants shall respond to the second corrected complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Jacksonville, Florida, this 6th day of July, 2026.

_Marcia Morales Howard_
**MARCIA MORALES HOWARD**
United States District Judge

Lc35

Copies to:

Counsel of Record